UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


RICARDO TABORDA,

v.                              Case No. 8: 97-cr-248-T-24EAJ
                                        8: 05-cv-1491-T-24EAJ

UNITED STATES OF AMERICA.

_____


O R D E R

This cause is before the Court on Defendant Ricardo Taborda's successive 28

U.S.C. § 2255 motion to vacate, set aside, or correct an allegedly illegal sentence.  (Doc.

cv-1; cr-169).


BACKGROUND

Taborda signed his first motion to vacate on July 25, 2000  (Doc. cr-142).  The Court

considered the merits of the motion and denied the motion to vacate. (Doc. cr-149).

Taborda appealed and this Court denied Taborda's application for certificate of

appealability.  (Doc. cr-155).  The United States Court of Appeals for the Eleventh Circuit

also denied Taborda's application for certificate of appealability.  (Doc. cr-159).

Now, Taborda has filed a second, successive motion to vacate. Pursuant to 28

U.S.C. § § 2255 and 2244(b)(3)(A), as amended by the Antiterrorism and Effective Death

Penalty Act of 1996, federal prisoners who want to file a second or successive motion to

vacate, set aside, or correct a sentence must move the court of appeals for an order

authorizing the district court to consider the second or successive motion. See 28 U.S.C.

§ 2244(b)(3)(A).  A three-judge panel of the court of appeals, § 2244(b)(3)(B), may

authorize the filing of a second or successive motion only if it determines that the motion contains claims which rely on either: (1) newly discovered evidence that, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255.  See In re Blackshire, 98 F.3d 1293 (11th Cir. 1996). Defendant has not fulfilled the requirements of the statutes as set out above.

Accordingly, the Court orders:

That Defendant's successive 28 U.S.C. § 2255 motion to vacate (Doc. cv-1; cr-169) is denied.

The Clerk is directed to enter judgment against Taborda in the civil case and to CLOSE THAT CASE.

ORDERED at Tampa, Florida, on August 11, 2005.

SUSAN C. BUCKLEW
United States District Judge


AUSA: James C. Preston

Pro se:  Ricardo Taborda

2